UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 1:09-CR-00032 |
| VERSUS | JUDGE DRELL |
| TODD P. JEFFS | MAGISTRATE JUDGE JAMES D KIRK |

REPORT AND RECOMMENDATION

Todd P. Jeffs ("Jeffs") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 US.C. § 2255 (Doc. 43). Because the United States Sentencing Guidelines are not subject to challenges for vagueness, Jeffs's § 2255 Motion should be denied.

I.   Background

In 2010, Jeffs was convicted pursuant to a guilty plea on one count of assault with a dangerous weapon with intent to do bodily harm, in the United States District Court for the Western District of Louisiana, Alexandria Division. Jeffs was found to be a career offender due to two prior adult felony assault criminal convictions. Jeffs was sentenced to 95 months imprisonment (Doc. 40). Jeffs did not appeal his conviction or sentence. Jeffs is currently on supervised release (Doc. 54).

In December 2016, Jeffs filed this § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 43), to which the United States of America responded (Doc. 50). In his sole ground for relief, Jeffs contends he was denied his right to due process of law when his sentence was enhanced by prior convictions that were only cognizable as crimes of violence under the residual clause of U.S.S.G § 4B1.2. Jeffs argues the

residual clause of §4B1.2 is identical to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) that was declared unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (U.S. 2015), and made retroactive to cases on collateral review in Welch v. United States, 136 S. Ct. 1257 (U.S. 2016).

II.   Law and Analysis

   A.   Jeffs's Motion is Timely.

Respondent argues that Jeffs's § 2255 Motion is untimely pursuant to 28 U.S.C. § 2255(f), which provides:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>    (1) the date on which the judgment of conviction becomes final;
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f)(3) allowed Jeffs one year from the date on which the right asserted was initially recognized by the Supreme Court in which to file his claim.  The one year period is not counted from the date on which the right was made retroactively applicable to cases on collateral review.[1]  See Dodd v. United States, 545 U.S. 353, 358 (2005).

---

[1] See Welch, 136 S. Ct. at 1260–61 (holding Johnson is retroactively applicable to cases on collateral review).

Jeffs's claim was initially recognized by the Supreme Court in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (U.S. 2015), which was decided on June 26, 2015. Jeffs's § 2255 Motion was filed on June 27, 2016 (Doc. 43). Respondent contends Jeffs's Motion should be dismissed because it was filed one day late.

June 26, 2016 was a Sunday. According to Fed. R. Civ. P. rule 6(a)(1)(C): "When the period is state in days or a longer unit of time…(C) include the last day of the period, but if the last day is a Saturday, Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Since June 26, 2016 was a Sunday, Jeffs had through June 27, 2016 to file his § 2255 Motion. Therefore, Jeffs's § 2255 Motion is timely.

   B. <u>Jeffs is not entitled to relief pursuant to Johnson v. United States.</u>

Jeffs contends his sentence was improperly enhanced pursuant to an unconstitutionally vague residual clause in United States Sentencing Guidelines § 4B1.2(a) (defining "crime of violence").[2] Jeffs relies on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (U.S. 2015),[3] which held that similar language (defining "violent felony")

---

[2] U.S.S.G. § 4B1.2(a):
 (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
  (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
  (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

[3] Jeffs's sentence was enhanced pursuant to the career offender provisions of U.S.S.G. §§ 4B1.1(a) and 4B1.2.

in the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii)[4] was void for vagueness. See Welch, 136 S. Ct. at 1260–61.

However, in Beckles v. United States, 137 S. Ct. 886, 895 (U.S. 2017), the Supreme Court considered and rejected the application of its rationale in Johnson to the residual clause in U.S.S.G. § 4B1.2. The Supreme Court held the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that § 4B1.2(a)'s residual clause is not void for vagueness. Beckles, 137 S. Ct. at 895; see also United States v. Godoy, 890 F.3d 531, 537 (5th Cir. 2018). The Supreme Court's decision in Beckles forecloses Jeffs's challenge, pursuant to Johnson, to his career offender sentence under the United States Sentencing Guidelines. See Beckles, 137 S. Ct. at 892.

Therefore, Jeffs's § 2255 Motion should be denied.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Jeffs's § 2255 Motion (Doc. 43) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A

---

[4] 18 U.S.C.A. § 924(e)(2)(B):
    (B)[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
        (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
        (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;....

party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

5

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this  14th  day of August, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge